IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE HUNTER,<br><br>  Plaintiff,<br><br>v.<br><br>FIX GEORGIA PETS,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Caroline Hunter ("Plaintiff" or "Ms. Hunter"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Fix Georgia Pets ("Defendant") for violations of their rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

**JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

5.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 3522 Ashford Dunwoody Road, #354, Atlanta GA 30319, USA.

8.

Defendant is governed by and subject to the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3).

9.

Plaintiff is a Female citizen of the United States of America and a resident of the State of Georgia and at all times relevant to the claims brought in this case, Plaintiff was an "employee" of Defendant as defined under the EPA.

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Defendant on or about December 1, 2015. Her last position was Executive Director.

11.

As part of her duties as Executive Director, Plaintiff solicited out of state donors using the telephone and internet.

12.

As part of her duties as Executive Director, Plaintiff ordered supplies from vendors in other states.

13.

As part of her duties as Executive Director, Plaintiff was involved in record keeping, and generating correspondence that were sent out of state.

14.

As part of her duties as Executive Director, Plaintiff processed credit card transactions.

15.

Defendant paid Plaintiff less than their male predecessor for similar or equal work.

16.

Plaintiff began serving in the Executive Director role in an interim capacity in March 2019 when the previous Executive Director, Josh Wiesner, left the organization.

17.

When Wiesner began working as Executive Director, his pay was increased to $85,000.00.

18.

When Hunter was offered the interim position, the company initially increased her pay from $47,500.00 to $57,500.00.

19.

When Wiesner performed the Executive Director position, he was paid $110,000.00 per year to work in the company.

20.

In April 2020, Plaintiff was made the Executive Director with no increase in salary.

21.

Plaintiff repeatedly complained about the pay discrepancy between her and her male predecessor, after nearly two years of complaints, her pay was increased to $65,000 in January 2022 and later to $85,000.00 in May of 2022.

22.

However, Plaintiff did not ever receive the pay that her male predecessor received.

23.

In June 2022, the board brought on a new board president John Copenhaver. When he joined the board, Plaintiff complained that she had not been paid what her male predecessor was.

24.

On July 26, 2022, after several complaints about the pay discrimination over the course of two to three months, Defendant terminated Hunter's employment saying that the position would be restructured. The position has not been eliminated.

25.

Defendant retaliated against Plaintiff because of her protected opposition to unequal pay.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for discrimination and retaliation under the Equal Pay Act.

27.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of their protected class, i.e. gender.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## **CLAIMS FOR RELIEF**

## **COUNT I: VIOLATION OF THE EQUAL PAY ACT**

29.

Plaintiff re-alleges paragraphs 10 to 28 as if set forth fully herein.

30.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing equal work.

31.

Plaintiff received substantially less compensation than male employees with less experience than her, because of her sex.

32.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

33.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

**COUNT II:  RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**

34.

Plaintiff re-alleges paragraphs 10 to 28 as if set forth fully herein.

35.

Defendant's actions, as detailed above, in engaging in the retaliatory actions against Plaintiff because of her protected activity constitutes unlawful intentional retaluation in violation of the Equal Pay Act.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

37.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(c) Liquidated damages in an amount equal to recovery under subparagraph (b) for Defendant's willful violation of the EPA;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau
Georgia Bar No. 103355

Counsel for Plaintiff Caroline Hunter

2 20th St. North Ste 900
Birmingham, AL
kira@justiceatwork.com